GLD-158                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1186
_____

MARILYN KENT,
                                                      Appellant

v.

ED CARBER INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-07862)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 12, 2012
Before:  FUENTES, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 24, 2012)

_____

OPINION
_____

PER CURIAM

        Marilyn Kent appeals pro se from the United States District Court for the Eastern

District of Pennsylvania's order dismissing her complaint.  For the following reasons, we

will affirm in part and vacate in part the District Court's order.

I.

In December 2011, Kent filed a motion to proceed in forma pauperis ("IFP") in the District Court. Her complaint against Ed Carber, Inc. ("Carber") was entered on the District Court's docket on January 13, 2012, the same day that the District Court entered an order granting Kent's motion to proceed IFP and dismissing her complaint pursuant to 28 U.S.C. § 1915(e).

Kent's complaint appears to assert that in 2008 she leased Carber's barn to house her horses and that they entered into an agreement to advertise for boarding, clients, riding lessons, and training. She claims that Carber soon became aggressive and harassed her when she refused to "be one of his girlfriends," and that he was violent "with his vehicle." She and her horses "experienced fear, harassment, terrorism and violence." Kent asserts that Carber violated several criminal statutes, sexually harassed her, discriminated against her, and breached his contract with her.

In the District Court's order dismissing the complaint, it explained that Kent, as a private citizen, did not have the right to bring a criminal case against the defendants nor could she proceed on a civil cause of action based on federal criminal laws. Additionally, she could not bring a breach of contract action under the District Court's diversity jurisdiction because she and the defendant are Pennsylvania residents.

Kent now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

If a complaint is vulnerable to dismissal, a district court generally must first permit the plaintiff to file a curative amendment. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil rights cases, "leave to amend must be granted sua sponte before dismissing" the complaint). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

Here, the District Court properly dismissed Kent's criminal claims against Carber, as amendment of those claims would be futile because a private person does not have a "judicially cognizable interest in the prosecution . . . of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). However, the District Court erred in dismissing the remainder of the claims for lack of diversity jurisdiction without providing Kent with an opportunity to amend her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). There is no doubt that, in its current form, Kent's complaint is wholly inadequate and that it appears as though she cannot meet the requirements for diversity jurisdiction. See 28 U.S.C. § 1332(a)(1) (stating that federal courts have original diversity jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states). Nevertheless, we

3

cannot say, at this stage, whether Kent could amend the complaint to satisfy the jurisdictional requirements. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Indeed, we have indicated that federal courts have a duty to consider whether a defective jurisdictional allegation may be remedied through amendment. See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Surety Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999).

Accordingly, we will affirm in part, vacate in part, and remand the matter for proceedings consistent with this opinion.